**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DANIEL FLEISCHMAN,

    Plaintiff,

v.                                                         Case No. 8:25-cv-1548-TPB-SPF

POLK COUNTY, FLORIDA, et al.

    Defendants.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on the complaint, filed *pro se* on June 13, 2025. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

Plaintiff Daniel Fleischman filed this suit against several Defendants, including state court judges, local law enforcement, attorneys, a school, a principal, and others. The complaint is lengthy and rambling, but it appears that the instant lawsuit is related to an ongoing custody dispute in the Tenth Judicial Circuit in and for Polk County, Florida. According to Plaintiff, Defendant Randall Seth Richey violated an *ex parte* order "designed to protect" his minor son, but the order has not been enforced. Plaintiff also claims that he has been retaliated against for whistleblowing and his otherwise lawful efforts to obtain protection for his son. As a result, Plaintiff claims to have experienced "systemic violations" of the First, Second, Fourth, and Fourteenth Amendments.

*Absolute Judicial Immunity*

Plaintiff asserts claims against Judge Gerald P. Hill, II, and Judge Melissa Gravitt of the Tenth Judicial Circuit based on their rulings in the custody case. However, these claims are barred by the judicial immunity doctrine. As the Eleventh Circuit has explained:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id*. at 1242. "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020). Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Hill and Judge Gravitt are entitled to absolute judicial immunity. *See, e.g., McCree*, 2020 WL 2632329, at *1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not

be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction); *Austin v. McCann*, No. 22-12157, 2023 WL 3335312, at *2-3 (11th Cir. May 10, 2023) (holding that hearing officer appointed by the chief judge of the judicial circuit was entitled to absolute judicial immunity); *Hutcheson v. Campbell*, No. 8:23-cv-105-TPB-SPF, 2023 WL 2352845, at *3-4 (M.D. Fla. Feb. 13, 2023) (holding that state court child support hearing officer was entitled to absolute quasi-judicial immunity), *report and recommendation adopted*, 2023 WL 2351691, at *1 (M.D. Fla. Mar. 3, 2023) (dismissing case). Because Plaintiff's allegations emanate from actions taken by these judges in their official judicial capacities during proceedings over which they had jurisdiction, or instances of the judges taking no action at all, the judges are absolutely immune from civil liability.

***Subject Matter Jurisdiction***

Plaintiff's complaint also suffers from several critical jurisdictional defects. First, the complaint appears to possibly take issue with state court rulings, orders, and judgments, including a parenting plan implemented and enforced by the state court and contempt proceedings. His claims are therefore likely barred by the *Rooker-Feldman* doctrine. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted). This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 F. App'x 127, 128

(11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)).

Second, to the extent that Plaintiff is asking the Court to intervene in an ongoing state court proceeding, the Court would abstain from doing so under the *Younger* abstention doctrine.[1] Under the *Younger* abstention doctrine, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Upon consideration of these factors, the Court finds that abstention is warranted to the extent that any of the state court proceedings referenced in the complaint remain active and pending. The Court notes that it appears the parenting plan remains in effect and is being enforced by the state court, and if Plaintiff believes that Defendants are interfering with or obstructing the plan, he may raise those claims in the state proceeding.

Finally, and perhaps most importantly, this action appears to fall within the domestic relations exception to federal court jurisdiction. *See Moussignac v. Ga. Dep't of Human Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) ("The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of

---

[1] 401 U.S. 37 (1971) (holding that a federal court should decline to intervene in a state criminal prosecution absent a showing of bad faith, harassment, or a patently invalid state statute).

separation or divorce decrees still subject to state court modification."); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (the subject of domestic relations belongs to the States); *Cox v. 10th Judicial Circuit*, 8:22-cv-75-CEH-JSS, 2022 WL 1005279, at *1-2 (M.D. Fla. Mar. 10, 2022) (explaining domestic relations exception and recommending dismissal of complaint related to parenting plan), *report and recommendation adopted*, 2022 WL 1001498 (M.D. Fla. Apr. 4, 2022); *Weiner v. Campbell,* No. 8:16-cv-3412-T-36TGW, 2016 WL 7708540, at *3 (M.D. Fla. Dec. 22, 2016) (noting that "federal courts lack jurisdiction to determine issues of parental time-sharing" and recommending dismissal of the complaint), *report and recommendation adopted*, 2017 WL 89076 (M.D. Fla. Jan. 10, 2017).

For all of the different reasons discussed above, this action is dismissed for lack of subject matter jurisdiction. Courts possess authority to *sua sponte* dismiss an action but are generally required to provide a plaintiff with notice of the intent to dismiss and give them an opportunity to respond. *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (citing *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011)). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Id.* (citing *Tazoe,* 631 F.3d at 1336). Because amendment would be futile, the case is dismissed without leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's claims against Judge Gerald P. Hill, II, and Judge Melissa Gravitt are **DISMISSED WITH PREJUDICE**.

(2) The remaining claims in the complaint (Doc. 1) are **DISMISSED** for lack of subject matter jurisdiction

(3) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of June, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE